METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Christopher Bosch and Julian Johnson
Our File No.  70954 ELH

| | |
|---|---|
| L.S. AND R.S. ON BEHALF OF S.S., AN INFANT AND INDIVIDUALLY<br><br>Plaintiffs,<br><br>V.<br><br>MOUNT OLIVE BOARD OF EDUCATION, et al.<br><br>Defendants. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.:<br>2:09-CV-03052-DRD-MAS<br><br>**MOTION IN LIMINE TO BAR TESTIMONY OF DR. THEODORE KOZLIK** |

Following the Court's entry of Partial Summary Judgment which (i) dismissed all claims of plaintiffs L.S. and R.S., (ii) entered Summary Judgment on certain claims against defendants Bosch and Johnson and (iii) dismissed all other claims against all other defendants, the parties collaborated on a revised Pretrial Order in which the remaining plaintiff, S.S., indicated an intention to present expert testimony at trial from Theodore Kozlik, Ed.D.  (Pretrial Order, Docket No. 57, at Plaintiff's Expert Testimony, pp. 47-48).  As expressly permitted by Judge Shipp at the final pretrial conference of June 20, 2011, defendants Bosch and Johnson (the sole remaining defendants) hereby move to preclude such testimony.

**I.     Dr. Kozlik's report and testimony are irrelevant regarding causation and damages, the only remaining issues in this case.**

Dr. Kozlik, plaintiff's liability expert, concluded in his report that:

> It is my professional opinion that the Mount Olive Board of Education and the individual defendants egregiously failed to maintain the confidentiality and security of student files and to insure that the proper safeguards, policies and procedures were in place to prevent the unauthorized use, disclosure or dissemination of such files and the information contained therein. Without regard to the law and without written consent of the plaintiffs, staff distributed confidential, personal and private student information to unauthorized persons. The defendants acted with reckless disregard of the law and Policies/Procedures of the Mount Olive Board of Education causing humiliation, embarrassment, and emotional distress to SS. He has been irreparably harmed by this act and has not been able to return to school. He now receives home instruction.

> It is also my professional opinion that it would be wise to consider educational avenues other than home instruction. A team of individuals with knowledge of transition planning, post-secondary experiences, residential schools and counseling options should be assembled to address SS's specific needs for the next three to four years. It is recommended that this team, be assembled independently from the school to ensure an objective, yet fluid and positive outcome for SS.

The opinions expressed in the first paragraph of this conclusion are moot, as the Court has dismissed all claims against all defendants with the exception of Bosch and Johnson.  The opinions expressed in the second paragraph are not relevant to the sole remaining claims, specifically, damage claims against Mr. Johnson and Mr. Bosch for their conduct on October 21, 2008.

Evidence which is not relevant is not admissible.  Federal Rule of Evidence 402. Relevant evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." <u>F.R.E.</u> 401.

2

Dr. Kozlik's testimony also should be excluded to avoid confusing the jury. Relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury . . . ." <u>F.R.E.</u> 403.  In light of the Court's summary judgment decision, the jury will be called on to decide only whether Bosch and/or Johnson caused injury to S.S., and if so, the monetary value of such injury.  As Dr. Kozlik's opinion is not probative of such issues, defendants Bosch and Johnson request that the Court preclude his testimony at trial.

**II.     Dr. Kozlik's report and testimony are irrelevant as to punitive damages.**

Since Plaintiff has listed Dr. Kozlik as an expert on damages, we anticipate that he will assert that Dr. Kozlik's opinion is relevant to his claim for punitive damages.  As an expert in school privacy protection policy, plaintiff may argue, Dr. Kozlik will give the jury additional insight as to how egregious Bosch's and Johnson's errors were.  For the foregoing reasons, however, Dr. Kozlik's testimony is not relevant to plaintiff's claim for punitive damages and should be barred.

**A.  Regarding Plaintiff's Section 1983 Privacy Claim.**

Under § 1983, a jury may award punitive damages "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983), <u>Kounelis v. Sherrer</u>, 529 F. Supp. 2d 503, 534 (D.N.J.2008).  According to the Third Circuit's Model Civil Jury Instructions, a jury may award punitive damages if a defendant acted maliciously or wantonly in violating the plaintiff's federally protected rights.  Model Instruction 4.8.3, Section 1983 – Damages – Punitive Damages.  A defendant acted maliciously if he had ill will or spite towards the plaintiff, he consciously

wanted to violate federal rights of which he was aware, or he consciously wanted to injure the plaintiff in a manner he knew to be unlawful.  Id.  A defendant acted wantonly if he recklessly or callously disregarded the plaintiff's rights.  Id.

Although a district court decision dealt with an expert report which offered the range of reasonable value of punitive damages, its opinion is instructive in the present matter.  Voilas v. Gen. Motors Corp., 73 F.Supp.2d 452, 463 (D.N.J.1999).  In Voilas, the plaintiffs sought punitive damages against their employer for its fraudulently inducing its employees to volunteer early pursuant to their collective bargaining agreement.  Id. at 254.  The court found numerous problems with the plaintiffs' proposed expert report, which suggested three ways the jury could calculate punitive damages.  Id. at 463.

First, assessing punitive damages is "implicative of various societal policies and lacking any basis in economics, rests strictly within the province of the jury and, thus, does not necessitate the aid of expert testimony."  Id. at 464, quoting Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 25 (1991) (Scalia, J., concurring) ("it has been the traditional practice of American courts to leave punitive damages (where the evidence satisfies the legal requirements for imposing them) to the discretion of the jury....").  A jury's assessment of punitive damages is an almost unconstrained judgment or policy choice about the severity of the penalty to be imposed in light of the jury's underlying factual determinations about the defendant's conduct.  Id.  In Voilas, no expert was more qualified than the average juror to make a determination whether to punish the defendant.  Id.  This is particularly so when assessing punitive damages, which is controversial and involves competing and diverse theories from which jurors may choose according to personal feelings, experiences, or reactions to a particular case.  Id.

Second, Federal Rule of Evidence 702 requires that the expert testimony must assist the trier of fact.  Id.  In Voilas, the court distinguished the expert's liability report from his punitive damages report, stating that the latter would not assist the trier of fact because the jury could simply review the same numerical data the expert relied on and determine for itself the amount of punitive damages to be awarded.  Id.  Moreover, arriving at an appropriate punitive award did not require any scientific, technical, or specialized knowledge as contemplated by F.R.E. 702.  Id.

Third, even if the punitive damages expert report were relevant, the court found that it was nonetheless excludable by Federal Rule of Evidence 403 because its probative value was substantially outweighed by the danger of confusion of the issues or misleading the jury and presentation of the evidence would constitute a waste of time.  Id. at 464-65.  The court opined that jurors can be misled into erroneously deferring to the expert's calculation of damages instead of determining what they believe to be proper and relying on their own intuition.  Id. at 465.  Finally, the expert evidence would be a waste of time, as the jury could simply evaluate the same data on which the expert relied and use that data to award punitive damages it deems appropriate.  Id.

Although plaintiff has not presented Dr. Kozlik's report as a punitive damages report, we anticipate that plaintiff will argue that the report and testimony are probative of punitive damages.  Thus, all three of the reasons discussed above apply to the present case to preclude the admission of Dr. Kozlik's opinion.

First, whether to award damages and in what amount falls within the strict province of the jury.  The jury should exercise its nearly unconstrained judgment or policy choice about the severity of the penalty to be imposed – according to its own

factual determinations about the defendants' conduct.  Certainly the average juror can evaluate Bosch's and Johnson's respective conduct and determine whether punitive damages should be awarded.

Second, Dr. Kozlik's testimony would not aid the trier of fact as required by F.R.E. 702.  As the jury in Voilas could rely on the numerical data the expert relied on and itself determine the amount of punitive damages, the jury in this case can rely on the facts as presented at trial and itself determine whether punitive damages should be awarded.  There is no reason why the jury cannot make a determination as to whether Bosch and Johnson were motivated by evil motive or intent, their actions involved reckless or callous indifference, they had ill will or spite towards plaintiff, they were aware of plaintiff's federal rights and they consciously wanted to violate those rights, and/or they consciously wanted to injure plaintiff in a manner they knew to be unlawful.  Perhaps more importantly, there is nothing in Dr. Kozlik's report that would aid the jury in these determinations.  For example, the jury is capable of deciding – and should be free to decide – whether defendants acted with "reckless disregard" of the law, as asserted by Dr. Kozlik.  In fact, the jury will be instructed that Bosch and Johnson did, in fact, violate the law; from there, the jury will need no assistance in determining these defendants' motivations and whether their violations were reckless, malicious, wanton, or simply negligent.  Dr. Kozlik has not and cannot provide any additional insight into these areas.  Finally, if three different methods of calculating punitive damages did not require any scientific, technical, or specialized knowledge (see Voilas, 73 F.Supp.2d at 464), then neither does the question of whether to award punitive damages in the first instance.

Third, under F.R.E. 403, Dr. Kozlik's testimony's probative value, if any, would be substantially outweighed by the danger of confusion of the issues or misleading the jury, and the presentation of such evidence would be redundant and a waste of time.  The jury should not be misled or tempted into erroneously deferring to, for example, Dr. Kozlik's characterization of the defendants' failure to maintain confidentiality as "egregious[ ]."  Jurors may or may not believe that defendants' conduct was egregious (or reckless, malicious, or any other characterization), and they should not feel pressured into ignoring their own intuition as to whether punitive damages are proper according to the court's instruction.  Moreover, like the jury in Voilas could simply evaluate the data the expert relied upon to calculate punitive damages, so too can the jury in this case evaluate properly presented facts and conclusions of law.  Dr. Kozik's testimony will add nothing but wasted time.

**B.  As to Plaintiff's Negligence Claim.**

Demands for punitive damages under New Jersey law are governed by the New Jersey Punitive Damages Act ("NJPDA"), N.J.S.A. 2A:15-5.12, which provides in pertinent part that:

> Punitive damages may be awarded to the plaintiff only if the plaintiff proves . . . that the harm suffered was the result of the defendant's acts or omissions [that] were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions.

N.J.S.A. § 2A:15-5.12(a).  No degree of negligence will satisfy this standard.  Id.  As defined by statute, "actual malice" means an "intentional wrongdoing in the sense of an evil-minded act."  N.J.S.A. § 2A:15-5.10.  "Wanton and willful disregard" means a

"deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission."  Id.

In determining whether punitive damages are to be awarded, the trier of fact must consider the following nonexhaustive factors:

> (1) The likelihood, at the relevant time, that serious harm would arise from the defendant's conduct;
> (2) The defendant's awareness of reckless disregard of the likelihood that the serious harm at issue would arise from the defendant's conduct;
> (3) The conduct of the defendant upon learning that its initial conduct would likely cause harm; and
> (4) The duration of the conduct or any concealment of it by the defendant.

N.J.S.A. § 2A:15-5.12(b).  To determine the amount of punitive damages, the trier of fact must consider the following nonexclusive factors:

> (1) All relevant evidence relating to the factors set forth in subsection b. of this section;
> (2) The profitability of the misconduct to the defendant;
> (3) When the misconduct was terminated; and
> (4) The financial condition of the defendant.

N.J.S.A. § 2A:15-5.12(c).

These several factors specifically articulated by the New Jersey Legislature indicate that the Legislature contemplated the award of punitive damages to be a jury question.  See Voilas v. Gen. Motors Corp., 73 F.Supp.2d 452, 465, n. 9 (D.N.J.1999), citing N.J.S.A. § 2A:15-5.12 (West Supp.1999) (the NJPDA and its factors to aid the trier of fact suggest that expert testimony providing certain methods of calculating damages and actual ranges of damages invades the province of the jury and should be precluded). Jurors are capable of assessing these factors; there is nothing about these factors that requires expert opinion or explanation.  In this case, there is no fact or opinion expressed

in Dr. Kozlik's report which would be relevant to any of these factors.  To the extent his report contains conclusions of "reckless disregard" of the law – a legal term of art – it invades the province of the jury by cloaking a proposed finding of fact in the garb of expert opinion.  As such, it is both irrelevant and unduly prejudicial.

For the foregoing reasons, defendants Bosch and Johnson request an Order precluding any trial testimony from Dr. Theodore Kozlik.


Respectfully submitted,


DATED:  July 29, 2011                    _____
                                          Eric L. Harrison